# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE LINDSEY SYLVESTER, JR., | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:07-CR-0345-RWS-GGB |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:12-CV-4448-RWS-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Willie Lindsey Sylvester, Jr., an inmate at the Federal Correctional Institution in Coleman, Florida, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his 188-month sentence that was imposed on March 31, 2009, following the entry of his guilty plea on January 15, 2009. [Docs. 43, 48, 81]. Presently before me are the petition [Docs. 80, 81]; the Government's response and supporting exhibits [Docs. 88, 89]; Sylvester's traverse [Doc. 90]; the Government's motion to strike the traverse [Doc. 91]; and Sylvester's response to the Government's motion to strike [Doc. 92].

I. Background

On October 17, 2007, a federal grand jury sitting in this district returned a three count indictment charging Sylvester with possession of a firearm by a convicted

felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One); possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851 (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). [Doc. 2].

On January 15, 2009, Sylvester entered a negotiated plea of guilty to Count One of the indictment. [Docs. 43, 65]. In his plea agreement, Sylvester waived the right to appeal or collaterally attack his conviction and sentence, and he waived the right to challenge his underlying state felony convictions which were used to enhance his federal sentence under 18 U.S.C. § 924(e). [Doc. 43-1 at 3-4]. However, Sylvester reserved the right to appeal an upward departure from the applicable guideline range. [*Id.* at 4]. Sylvester also reserved his right to appeal if the Government appealed the sentence. [*Id.*]. Also, in the plea agreement, the Government agreed to dismiss the remaining charges against Sylvester, to recommend that Sylvester receive credit for acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range, but not lower than any mandatory minimum. [*Id.*]. On March 31, 2009, the district judge sentenced Sylvester to 188 months of imprisonment. [Docs. 48, 69].

2

On May 19, 2010, Sylvester filed a request to file an out of time appeal, and on June 29, 2010, the Court granted the motion. [Docs. 51 and 52]. On July 12, 2010, Sylvester filed a notice of appeal. [Doc. 53]. On August 11, 2011, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal pursuant to the plea waiver in Sylvester's plea agreement. [Doc. 78]. On October 1, 2012, the United States Supreme Court denied Sylvester's petition for a writ of certiorari. [Doc. 79].

On December 17, 2012, Sylvester filed a § 2255 motion to vacate, set aside or correct his sentence, raising the following grounds for relief:

1. Sylvester's guilty plea was not made intelligently or voluntarily;

2. the district court lacked subject matter jurisdiction to impose an enhanced sentence under the Armed Career Criminal Act ("ACCA");[1]

3. Sylvester was "constructively denied counsel" during the plea bargaining stage; and

4. the ACCA is unconstitutional.

[Doc. 81 at 4-12].

---

[1]The ACCA converts the 10–year maximum sentence for a felon-in-possession conviction under 18 U.S.C. § 922(g), *see* 18 U.S.C. § 924(a)(2), to a 15–year mandatory minimum sentence where the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1).

3

The Government filed a response to Sylvester's § 2255 motion on March 22, 2013, and Sylvester filed a traverse on April 26, 2013. [Docs. 88, 89, 90]. The Government has filed a motion to strike Sylvester's traverse [Doc. 91], contending that the traverse should be stricken because it was signed and prepared by former attorney and fellow inmate, Frank L. Amodeo. [Doc. 90 at 11]. Although Mr. Amodeo is not a party to this litigation and cannot appear on behalf of Sylvester, Sylvester may seek his advice and assistance. Because Sylvester also signed the traverse and obviously intended to file it, I find that the motion [Doc. 91] is **DENIED**. But, Sylvester is admonished to sign his own pleadings and to add no further signature.

II. Discussion

    A. Sylvester Waived His Right To Collaterally Attack His Sentence.

The right to collaterally attack a sentence may be voluntarily and knowingly waived. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For a waiver to be valid, the district court must specifically question the defendant to ensure that he or she understands the waiver, or it must be manifestly clear from the record that the defendant understood he or she was waiving the right to appeal. *Id.*; *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir.1993).

4

In this case, Sylvester signed the plea agreement that contained the following waiver:

> 6. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, including a motion pursuant to 28 U.S.C. § 2255, except in the event of an upward departure from the applicable guideline range. The defendant also knowingly and voluntarily waives his rights to challenge his underlying state felony convictions which are used to enhance his federal sentence pursuant to 18 U.S.C. § 924(e), in any post-conviction proceeding on any ground. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

[Doc. 43-1 at 3-4].

The plea agreement also included a certification at the end that stated the following, "I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding." [*Id.* at 7-8].

In addition, the district judge specifically questioned Sylvester about the waiver during the guilty plea hearing:

5

THE COURT: Mr. Sylvester, I want to talk with you just a minute about your appeal rights. Okay?

SYLVESTER: Yes.

THE COURT: In a criminal case, a defendant has certain rights to have the decisions of the judge reviewed by another court. That's done a couple of ways. First, you have a right to file a direct appeal to the Eleventh Circuit Court of Appeals immediately after you're convicted to have them review my decisions about your conviction and your sentence to determine if I made any errors of law or if I took actions that were not supported by the facts and by the evidence. That's typically a right that a defendant would have.

A defendant also would have the right to file a 2255 petition. You've probably heard that called a petition for habeas corpus. But that's what that is. It's a chance that you have later to come back and challenge the constitutionality or the legality of what takes place in your case.

You also have a right to perhaps challenge some of these convictions that you had down in Florida. But you are giving up all of those rights to make any kind of challenges of any kind except in two circumstances, and I want you to understand what those are. The only right of review or appeal of any kind that you will have concerning the decisions that I make in the case would be, first, if I calculate your sentencing guidelines and after calculating those I decide I'm going to impose a sentence that's more than the guidelines call for, you've got a right to appeal that. That is a right of appeal you would have.

Second, if the Government files an appeal from my decisions, you would have a right to raise issues on appeal.

Aside from those two circumstances, you will have no right of review of appeal. Do you understand that?

>SYLVESTER: Yes, sir.
>
>THE COURT: And you understand you've also given up your right to challenge those Florida convictions.
>
>SYLVESTER: Yes, sir.
>
>THE COURT: Mr. Stokes (trial counsel), have you talked with Mr. Sylvester about these rights and his waiver and do you believe he understands them?
>
>TRIAL COUNSEL: Yes, your Honor.

[Doc. 65 at 16-17].

As clearly evidenced by the signed plea agreement and the questioning by the district judge during the plea hearing, Sylvester understood the full significance of the waiver. Thus, his waiver is valid.

A defendant's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See Patel v. United States*, 252 F. App'x 970, 974–75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel); *Cowart v. United States*, 139 F. App'x 206, 208 (11th Cir. 2005). Sylvester's claims in Grounds Two and Four, that the district court

7

lacked subject matter jurisdiction to impose an enhanced sentence under the ACCA and that the ACCA is unconstitutional, deal with sentencing issues and not the negotiation of the plea or the waiver. Thus, Sylvester's waiver of his rights to challenge his sentence is controlling with respect to those grounds for relief. *See United States v. Adkins*, 636 F.3d 432, 434 (8th Cir. 2011) ("The applicability of sentencing enhancements under the Guidelines and predicate felonies under the ACCA are sentencing issues" that are waived by a valid sentence appeal waiver); *United States v. Allicock*, 217 F. App'x 915, 916, 918–19 (11th Cir. 2007) (affirming, and determining, on appeal from conviction and sentence under §§ 922(g) and 924(e), that valid sentence appeal waiver waives the right to appeal sentence enhancement under § 924(e)). Sylvester cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

B. <u>Sylvester's Guilty Plea Was Knowing and Voluntary.</u>

Sylvester contends in Ground One that his guilty plea was not made intelligently or voluntarily. This claim affects the validity of the plea itself and is not barred by the waiver. To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2)

8

understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (citation omitted).

The district judge confirmed during the Rule 11 colloquy that the plea was free from coercion, and that Sylvester understood the nature of the charges and the consequences of his plea. Sylvester indicated that he had reviewed the plea agreement with his attorney and had signed it. [Doc. 65 at 2-3]. Sylvester also indicated that no one threatened or forced him to plead guilty. [*Id.* at 12]. The Government stated the elements of the offense that Sylvester was pleading guilty to, and Sylvester admitted that he possessed the firearm as described by the Government and admitted that he was a convicted felon at the time he possessed the weapon. [*Id.* at 14-15].

The district judge also explained to Sylvester that the indictment set out three prior felony convictions, and Sylvester admitted that he was the person named in and convicted on each of those cases. The district judge informed Sylvester during the plea hearing that there was a mandatory minimum term of imprisonment of 15 years, and Sylvester indicated that he understood the penalties. [Doc. 65 at 15]. Sylvester indicated that he did not have any questions for the Court, and also indicated that he

9

was satisfied with his counsel and that he had a sufficient opportunity to talk to his attorney about the case and the plea. [*Id.* at 18]. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false." *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted). Thus, a review of the record confirms, contrary to Sylvester's representations here, that his plea was knowing and voluntary.

### C. Sylvester's Ineffective Assistance Claims Are Without Merit.

Sylvester contends that he was "constructively denied counsel" during the plea bargaining stage. This claim is also not barred by the waiver because it affects the validity of the plea. In order to establish that his counsel was ineffective, Sylvester must show that his counsel performed deficiently and that he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded

10

guilty and insisted on going to trial.'" *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Sylvester appears to contend that his counsel misadvised him regarding his ability to challenge the ACCA enhancement to his sentence. But, any claims by Sylvester are belied by the plea hearing transcript, wherein Sylvester indicated that he understood the plea agreement, that he understood the rights he was waiving in the agreement, and that his plea was voluntary and not the result of any promises (other than those contained in the plea agreement), threats, or force. [Doc. 65 at 9-10, 12, 17 ]. The Government identified the three prior felony convictions on which the ACCA enhancement was based: delivery of cocaine in 1989; delivery of cocaine in 1990; and aggravated battery in 1991. [*Id.* at 14]. Sylvester was informed both in the plea agreement and during the plea hearing that he was waiving his right to challenge his underlying state felony convictions that were used to enhance his sentence and that he faced a fifteen-year mandatory minimum sentence. [*Id.* at 15-17]. Furthermore, Sylvester admitted that he was the person convicted in the three prior felony convictions that caused the ACCA enhancement to his sentence. [*Id.* at 15]. He does not provide any basis for the Court to conclude that consideration of these felonies was improper. Thus, Sylvester has failed to establish that counsel's advice

11

was deficient or that, but for counsel's actions in negotiating the plea agreement, Sylvester would not have pleaded guilty.

III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Sylvester has failed to make a substantial showing of the denial of a constitutional right. Sylvester waived the right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Willie Sylvester, Jr.'s § 2255 motion [Docs. 80 and 81] be **DENIED**.

**I ORDER** that the Government's motion to strike [Doc. 91] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED** this 2nd day of January, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE