**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIE LINDSEY SYLVESTER, JR., | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
| v. | : | 1:07-CR-0345-RWS-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
| Respondent. | : | 1:12-CV-4448-RWS-GGB |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner serving a 188-month term of imprisonment based on his guilty plea and conviction for being a felon in possession of a firearm. The matter is before the Court on Movant's *pro se* 28 U.S.C. § 2255 motion, as amended, (Docs. 80, 81); the Magistrate Judge's Final Report and Recommendation, which recommends that the § 2255 motion and a certificate of appealability (COA) be denied, (Doc. 97); and Movant's objections and motion to alter or amend the Final Report and Recommendation, (Docs. 99, 100).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation

must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent proper objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

I.  **Discussion**

The grand jury sitting in the Northern District of Georgia charged Movant (1) in Count One with the knowing possession of a firearm after having been convicted of three felony offenses in Orange County, Florida – delivery of cocaine, Case Number 88-9153; delivery of cocaine, Case Number 89-10213; and aggravated battery, Case Number CR90-12816 – in violation of 18 U.S.C. §§ 922(g) and 924(e); (2) in Count Two with cocaine possession; and (3) in Count Three with possession of a firearm in furtherance of a drug trafficking crime. (Doc. 2.) Movant pleaded guilty to Count One. (Doc. 43, Guilty Pea and Plea Agreement.) Movant agreed that he was subject

to a fifteen-year mandatory minimum sentence, (id. ¶ 3), and waived his appeal rights as follows:

> "[Movant] voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, including a motion pursuant to 28 U.S.C. § 2255, except in the event of an upward departure from the applicable guideline range. The defendant also knowingly and voluntarily waives his rights to challenge his underlying state felony convictions which are used to enhance his federal sentence pursuant to 18 U.S.C. § 924(e), in any post-conviction proceeding on any ground.

(Id., ¶ 6.) In exchange, the government agreed, among other things, to recommend a sentence at the low end of the applicable guideline range and to file a dismissal of Counts Two and Three. (Id. ¶¶ 9, 10.) The government noted during the plea hearing that Count Three would have carried a five-year sentence consecutive to the mandatory fifteen-year sentence for Count One. (Doc. 65 at 8.)

Also during the guilty-plea hearing, the Court thoroughly explained to Movant the rights that he was giving up by pleading guilty, including the right to go to trial and have the government prove beyond a reasonable doubt the charges against him. (Id. at 4-6.) Movant, under oath, stated that he was willing to give up those rights and plead guilty to Count One. (Id. at 6.) The government outlined the plea agreement – including the appeal waiver and the fact that Movant was subject to a mandatory

3

minimum sentence of fifteen years. (Id. at 6-9.) Movant agreed that the government had correctly represented the plea agreement. (Id. at 9-10.) The government outlined the factual basis for Count One, including the facts of Movant's three prior felony convictions. (Id. at 13-14.) Movant admitted to the facts as alleged by the government. (Id. at 14-15.) The Court questioned Movant whether he understood that the Court was without authority to sentence him to less than the fifteen-year mandatory minimum sentence, and Movant informed the Court that he understood. (Id. at 16.) The Court thoroughly reviewed the appeal waiver and questioned Movant whether he understood that, except in two limited circumstances, he was giving up the right to review, and Movant stated that he understood. (Id. at 16-17.) The Court found that Movant's plea had a factual basis, was free of any coercion, and was knowing and voluntary, and the Court accepted Movant's guilty plea. (Id. at 19.) The Court sentenced Movant to a 188-month term of imprisonment, at the bottom of his 188-235 month guideline range. (Doc. 48; Doc. 69 at 2-3; see also Doc. 46 at 1.)

In his § 2255 motion, Movant claims that (1) his guilty plea was unintelligent and involuntary, (2) the district court lacked subject-matter jurisdiction to impose an

4

enhanced sentence under the Armed Career Criminal Act (ACCA),[1] (3) he was constructively denied counsel during the plea bargaining stage, and (4) the ACCA is unconstitutional. (Doc. 81 at 5-6, 8-9.)

### A.     Grounds One and Three

Movant claims that he was constructively denied counsel during the plea bargaining stage, (Doc. 81 at 5, 8), and asserts that his guilty plea is invalid because he (1) did not know that counsel's advice to sign the appeal waiver was unethical, (2) did not realize that the convictions to which he stipulated did not qualify as ACCA predicates or that without his stipulation the government would have been required to produce evidence at sentencing to establish the nature of those convictions, (3) did not know that the court could not sentence him below fifteen years, and (4) did not know that his appeal waiver foreclosed further review, (id. at 5 and Ground One.)

The Magistrate Judge reviewed the guilty plea transcript, found that the Rule Eleven colloquy confirmed that Movant's plea was knowing and voluntary, and found that Movant had failed to establish that counsel's assistance was deficient or that, but

---

[1] Under the ACCA, 18 U.S.C. § 924(e), "a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

for counsel's alleged deficient representation, he would not have pleaded guilty. (Doc. 97 at 8-12.) The Magistrate Judge recommends that Grounds One and Three fail. (Id.)

Movant objects that the Magistrate Judge put undue reliance on the Rule Eleven colloquy without properly considering the erroneous advice that he received from counsel on (1) the ACCA predicates to which he stipulated, (2) what the government would have had to prove without the stipulations, and (3) his right to review. (Doc. 99 at 5.) Movant also objects that the Magistrate Judge incorrectly found that prejudice was lacking because he failed to show that there was a reasonable probability that he would not have pleaded guilty and asserts that prejudice also can be shown by demonstrating that there was a reasonable probability that he could have pleaded "differently," but did not because of counsel's deficiency. (Id. at 6.)[2]

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. To succeed on a claim that a guilty plea was obtained

---

[2]The Court does not address Movant's arguments that do not specifically identify a finding by the Magistrate Judge to which he objects. (See Doc. 99 at 6-9.)

as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel "'fell below an objective standard of reasonableness'" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (quoting Strickland, 466 U.S. at 687-88). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Even if counsel had given deficient advice on the appeal waiver and Movant's right to review, there is no prejudice because the record otherwise demonstrates that Movant fully understood the rights that he was giving up by entering into the appeal waiver. As to counsel's allegedly deficient advice on the ACCA predicates, Movant presents nothing to indicate that the prior convictions at issue did not qualify as ACCA predicates, and he fails to give the Court any reason to find that counsel performed deficiently in allowing Movant to agree to the factual basis for, and plead guilty to, Count One. Moreover, Movant fails to convince the Court that it would have been rational in the circumstances to reject the plea agreement. There is no indication that the government was offering (or would have been willing to offer) any other agreement, and the plea agreement entered into entitled Movant to the government's

7

dismissal of Counts Two and Three and the government's recommendation that he be sentenced at the low end of the 188 to 235 month guideline range. Absent those agreements, the government could have recommended a 235-month sentence and Count Three would have necessitated an additional *consecutive* sixty-months of imprisonment had Movant been convicted on that count at trial. The Court agrees with the Magistrate Judge that Grounds One and Three fail.

### B.      Ground Two

In Ground Two, Movant argues that the Court was without subject matter jurisdiction to impose an enhanced sentence under the ACCA by relying on Movant's stipulations and failing to determine independently whether Movant's prior convictions were qualifying convictions. (Doc. 81 at 6.) The Magistrate Judge recommends that Ground Two fails based on Movant's valid appeal waiver. (Doc. 97 at 7-8.)

Movant objects that the Magistrate Judge incorrectly found that subject-matter jurisdiction could be waived. (Doc. 99 at 2-3.) Movant's attempt to skirt his appeal waiver by styling his challenge to his sentence as a matter of subject matter jurisdiction fails. When a defendant stipulates to the factual basis of a count to which he is pleading guilty, he does *not* thereby deprive the court of jurisdiction to impose sentence based on that stipulation. The Court is aware of no law that states otherwise.

8

The Court possessed subject matter jurisdiction to consider during sentencing the factual basis to Count One, to which Movant pleaded guilty. See <u>United States v. Kelly</u>, 545 F. App'x 951, 954 (11th Cir. 2013) ("The district court was entitled to rely on Kelly's plea colloquy and the undisputed statements in the PSI in determining whether the factual basis for a career offender enhancement was satisfied."). Ground Two fails.

### C.   Ground Four

Movant claims that the ACCA is unconstitutional because it is vague and ambiguous as to what conduct is prohibited,[3] it allows law enforcement randomly to select individuals for prosecution, and it prescribes cruel and unusual punishment. (Doc. 81, Ground Four.) The Magistrate Judge recommends that Ground Four fails based on Movant's valid appeal waiver. (Doc. 97 at 7-8.)

Movant objects that the Magistrate Judge incorrectly found that a challenge to the constitutionality of a statute could be waived. (Doc. 99 at 3-4.)

The constitutionality of a statute under which a defendant is convicted presents a jurisdictional issue that the defendant does not waive by pleading guilty. <u>United</u>

---

[3]Movant does not specify which portion of the ACCA is unconstitutionally vague.

States v. Saac, 632 F.3d 1203, 1208 (11th Cir. 2011) (citing United States v. Palacios–Casquete, 55 F.3d 557, 561 (11th Cir.1995)); see also United States v. Peter, 310 F.3d 709, 712-13 (11th Cir. 2002) (holding that the doctrine of procedural default does not apply to claim of jurisdictional error).  It appears, however, that a valid appeal waiver would nonetheless bar such a claim.  See United States v. Diveroli, 512 F. App'x 896, 901-02 (11th Cir. 2013) (holding that challenge to statute as vague was barred by valid appeal waiver); United States v. Maillet, 440 F. App'x 292, 294 (5th Cir. 2011) ("Maillet's constitutional challenge to the statute of conviction, however, is barred by his knowing and voluntary appeal waiver.")

Additionally, Movant's challenge to the ACCA otherwise fails.  Section 924 of Title 18 provides:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
>     (2) As used in this subsection--
>
>         (A) the term "serious drug offense" means--

AO 72A
(Rev.8/82)

>> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
>> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

To avoid unconstitutional vagueness, a statue must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Wetherald, 636 F.3d 1315, 1326 (11th Cir. 2011) (quoting United States v. Fisher, 289 F.3d 1329, 1333 (11th Cir. 2002)) (internal quotation marks omitted). "Congress chose to frame ACCA in general and qualitative, rather than encyclopedic, terms." Sykes v. United States, _ U.S. _, _, 131 S. Ct. 2267, 2277 (2011). The arguably *most* general phrase in § 924(e) is referred to as the residual clause and defines a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). That phrase "states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law.'" Sykes, _ U.S. at _, 131 S. Ct. at 2277 (quoting Chicago v. Morales, 527 U.S. 41, 58 (1999)); United States v. Gandy, 710 F.3d 1234, 1239 (11th Cir.) (holding that § 924(e)(2)(B)(ii) is not unconstitutionally vague), cert. denied, _ U.S. _, 134 S. Ct. 304 (2013); see also United States v. Jackson, 491 F. App'x 554, 557 (6th Cir. 2012) (rejecting claim that § 924(e)(2)(A) – defining serious drug offenses – is unconstitutionally vague), cert. denied, _ U.S. _, 133 S. Ct. 1612 (2013).

The Court has reviewed § 924(e) – set forth above – in light of Movant's non-specific claim that it is unconstitutionally vague and has considered the above case law and discussion on the residual clause and concludes that Movant has not shown that § 924(e) in any way fails to give proper notice and set adequate boundaries. Additionally, § 924(e)'s mandatory fifteen-year term is not cruel and unusual punishment. United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) ("[E]very circuit to have considered this issue has concluded that the 15-year minimum mandatory sentence under ACCA is neither disproportionate to the offense nor cruel and unusual punishment."). Ground Four fails.

## II. Conclusion

Petitioner's objections fail, and the Court otherwise finds no clear error in the Magistrate Judge's recommendation. Accordingly,

**IT IS ORDERED** that Movant's objections, (Doc. 99), to the Magistrate Judge's Final Report and Recommendation are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation, (Doc. 97), is **ADOPTED**, with the clarifications as stated above.

**IT IS ORDERED** that the § 2255 motion, as amended, (Docs. 80, 81), the motion to alter or amend, (Doc. 100), and a certificate of appealability are **DENIED**.

**IT IS SO ORDERED** this  22nd  day of   April  , 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE